IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01088-BNB

TEDDY SPEARMAN,

    Plaintiff,

v.

S. COLLINS, Health Service Administrator,
B. CINK, P[.]A. Medical Staff, and
DR. ALLFRED, Clinical Director,

    Defendants.

---

ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

---

    Plaintiff, Teddy Spearman, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary in Florence, Colorado. He initiated this action by filing *pro se* a prisoner complaint (ECF No. 1) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), among other statutory authority.

    On April 24, 2012, Mr. Spearman filed a motion titled "Plaintiff [sic] Motion for Preliminary Injunction and Order to Show Cause" (ECF No. 4). The thirteen-page motion is single-spaced and written in all capital letters, making it difficult to read. Mr. Spearman is advised that Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G.

    The Court has done its best to comprehend and summarize the April 24 motion.

In the motion, Mr. Spearman makes vague and conclusory allegations that Defendants have denied him treatment for his serious medical needs and out-of-cell exercise for more than eleven months.  He complains that his physical disability status, which apparently entitled him to a handicap cell with a railing, has been prematurely revoked and his therapeutic walking cane confiscated, forcing him to hop around his cell on one leg, holding on to the bed, table, or sink.  He alleges that he suffers from sleeplessness; depression; headaches; post-surgical pain and edema in his right leg; genital bleeding; muscle weakness; and joint pain, swelling, and stiffness.  As relief he seeks reinstatement of the physical disability status, his walking cane, and out-of-cell recreation.  He contends he manages pain with medication from the prison commissary.

The Court must construe the motion liberally because Mr. Spearman is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980).  Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary

restraining order is issued.  *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo."  *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).  Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs."  *Id.*  Because Mr. Spearman is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above.  *See id.* at 1209.

Mr. Spearman's allegations are speculative, concern past events, and constitute disagreements with his medical treatment.  Mr. Spearman does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for injunctive relief will be denied.

Accordingly, it is

ORDERED that the motion titled "Plaintiff [sic] Motion for Preliminary Injunction and Order to Show Cause" (ECF No. 4) that Plaintiff, Teddy Spearman, filed with the Court *pro se* on April 24, 2012, is denied.

DATED at Denver, Colorado, this  21st  day of    May    , 2012.

BY THE COURT:


   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court